## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

AARON SHIPMAN                                              CIVIL ACTION

VERSUS                                                         No. 23-5730

MOUNTAIN LAKE RISK                                         SECTION I
RETENTION GROUP, INC. ET AL.

## ORDER & REASONS

Before the Court is plaintiff Aaron Shipman's ("Shipman") motion to remand the above-captioned action to the Civil District Court for the Parish of Orleans.[1] Defendants U.S. Xpress, Inc. ("USX"), U.S. Xpress Leasing, Inc., and Mountain Lake Risk Retention Group, Inc. (collectively, "opposing defendants") jointly oppose the motion.[2] Plaintiff filed a reply[3] and opposing defendants filed a sur-reply.[4] Defendants Hartford Fire Insurance Company ("Hartford UM") and Gary Strong ("Strong") (collectively with opposing defendants, "defendants") did not file oppositions to Shipman's motion. For the following reasons, the Court grants Shipman's motion to remand and denies his request for costs and attorney's fees.

## I.   BACKGROUND

This action arises out of an accident that occurred on December 14, 2021 in St. Tammany Parish. The street sweeping vehicle Shipman was operating was struck by an 18-wheeler truck operated by Strong, who was allegedly intoxicated at the time.[5]

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 9.
[3] R. Doc. No. 15.
[4] R. Doc. No. 18.
[5] Case No. 22-4545, R. Doc. No. 1-1, ¶¶ III–IV.

Shipman filed a lawsuit in the Civil District Court for the Parish of Orleans, alleging a number of state law causes of action against Strong as well as against Strong's employers, U.S. Xpress, Inc., U.S. Xpress Leasing, Inc, and U.S. Xpress Enterprises, Inc.[6] Shipman also named as defendants U.S. Xpress, Inc.'s insurer Mountain Lake Risk Retention Group, Inc. and Shipman's employer's uninsured/underinsured motorist ("UM") insurers, Hartford UM and State Farm Mutual Automobile Insurance Company.[7]

Shipman's complaint alleges that he sustained, or will sustain, the following damages: "past, present, and future physical pain and suffering," "past, present, and future mental pain and suffering," mental anguish, "past and future physical impairment and disability," "past and future medical expenses and rehabilitation expenses," "past and future loss of income," "past and future loss of earning capacity," "past and future loss of enjoyment of life," "loss of services," loss of consortium, loss of society, as well as punitive and exemplary damages.[8]

Defendants first removed this action to federal court on November 16, 2022.[9] On January 30, 2023, Hartford Fire Insurance Company's workers' compensation division ("Hartford WC")[10] filed an unopposed motion to intervene as of right

---

[6] *Id.* ¶ VI.
[7] *Id.* ¶¶ IX, X. "The object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance." *Duncan v. U.S.A.A.*, 950 So. 2d 544, 547 (La. 2006).
[8] *Id.* ¶ II.
[9] E.D. La. Case No. 22-4545, R. Doc. No. 1.
[10] Twin City Fire Insurance Company ("Twin City") was later substituted in place of Hartford WC. Both Twin City and Hartford WC have their principal places of

pursuant to Federal Rule of Civil Procedure 24(a).[11] The complaint-in-intervention named Shipman, U.S. Xpress, Inc., U.S. Xpress Leasing, Inc., U.S. Xpress Enterprises, Inc., Mountain Lake Risk Retention Group, Inc., Strong ("Strong"), and State Farm Mutual Automobile Insurance as defendants-in-intervention.[12] The complaint asserts that Hartford WC was Shipman's employer's workers' compensation insurer and, in that capacity, "has paid medical and indemnity benefits to and/or on behalf of Aaron Shipman. . ."[13] Accordingly, Hartford WC asserts, "[p]ursuant to conventional and legal subrogation, Intervenor [Hartford WC] is entitled to collect from defendants[-in-intervention] the full and true sum of [$53,190.70], plus any additional amounts that may be paid to and/or on behalf of Aaron Shipman as a result of the Workers' Compensation payments that Intervenor has made and/or continue to make[.]"[14] This Court granted Hartford WC's motion to intervene on January 31, 2023.[15]

Shipman filed a motion to remand on March 20, 2023, on the ground that Hartford WC, as the intervening workers' compensation insurer, is not diverse from Hartford UM, the defendants' UM insurer.[16] The opposing defendants argued that Hartford WC was improperly joined and, even if joinder was proper, the Court should

---

business in Connecticut. R. Doc. No. 2, at 4. Accordingly, this substitution does not change the diversity analysis.
[11] E.D. La. Case No. 22-4545, R. Doc. No. 20.
[12] *Id.* ¶ 2.
[13] *Id.* ¶ 7.
[14] *Id.* ¶ 11.
[15] E.D. La. Case No. 22-4545, R. Doc. No. 21.
[16] E.D. La. Case No. 22-4545, R. Doc. No. 29-1, at 2.

only remand the claims in intervention.[17] On April 25, 2023, this Court granted Shipman's motion to remand, finding that joinder of Hartford WC was proper and it was in the interests of justice and judicial economy to allow the action to proceed together.[18]

On October 3, 2023, defendants filed another notice of removal.[19] The notice of removal alleged that "[s]ince the case was remanded to state court, it has become evident that the UM/UIM defendants were named in bad faith to obtain a favorable state court venue."[20] State Farm was dismissed on July 11, 2023 from the state court proceeding after settling with Shipman for what defendants allege was a nominal amount.[21] Defendants assert that they learned that State Farm had been dismissed on September 19, 2023.[22] Defendants argue that Hartford UM should also be dismissed because "USX provided Plaintiff with insurance policies showing up to $50 million in insurance coverage for the liability claims[,]" and "USX received stipulations from several of its insurers showing coverage for the personal injury claims up to $30 million."[23] Defendants also assert that they have provided "clear and unmistakable evidence that [they] have up to $75 million in liability coverage to cover Plaintiff's claims."[24] They assert plaintiff's recovery is not capable of exceeding $30

---

[17] E.D. La. Case No. 22-4545, R. Doc. No. 32.
[18] Case No. 22-4545, R. Doc. No. 58.
[19] R. Doc. No. 2.
[20] R. Doc. No. 2, ¶IV.
[21] *Id.*; R. Doc. No. 9, at 1.
[22] R. Doc. No. 2, ¶IV.
[23] R. Doc. No. 9, at 2.
[24] R. Doc. No. 18, at 6. Defendants' response and sur-reply are confusing, and it is not clear to the Court whether defendants have $50 million or $75 million in liability

million.[25] Therefore, defendants argue Shipman has refused to remove Hartford UM solely to destroy diversity, rendering removal proper.[26]

On November 11, 2023, Shipman filed the motion to remand presently before this Court.[27] Shipman argues that this removal is duplicative of issues already adjudicated, untimely, and lacks the consent of all the defendants.[28] Shipman also requests costs and attorney's fees and costs pursuant to 28 U.S.C. 1447(c) because this removal is frivolous and duplicative.[29]

In response, opposing defendants argue USX has policies demonstrating up to $75 million in insurance coverage.[30] Therefore, they argue that Shipman cannot recover from Hartford UM pursuant to Louisiana law because, to recover from a UM insurer, a plaintiff must prove the value of his claim exceeds the tortfeasor's insurance.[31] Defendants also allege this removal is timely because they learned of State Farm's dismissal on September 19, 2023 and Shipman refused to dismiss Hartford UM on October 2, 2023.

---

coverage. The difference in the amounts does not, however, influence the Court's analysis or conclusion.

[25] *Id.* at 14.

[26] R. Doc. No. 2, ¶IV.

[27] R. Doc. No. 5.

[28] R. Doc. No. 5-1, at 1.

[29] *Id.* at 2.

[30] R. Doc. No. 9, at 10.

[31] *Id.*

## II.   STANDARD OF LAW

### a. Removal

Pursuant to 28 U.S.C. § 1441(a), a civil action brought in state court may be removed to the federal district court embracing the place where such action is pending so long as the federal courts have original jurisdiction over that action. "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy [exceeds $75,000] and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

The "party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.*" Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removing party must "distinctly and affirmatively allege the citizenship of the parties." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001) (cleaned up). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### b. Timing of Removal

"Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of 'other paper from which it may first be ascertained' that the case is or has become removable." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). "The Fifth Circuit has also recognized a defendant's right to seek subsequent removals after remand." *Zea v. Avis Rent a Car System, Inc.*, 435 F.Supp.2d 603, 606 (S.D. Tex. 2006) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir.1996)). "Once a case is remanded, a defendant is precluded from seeking removal again on *the same ground*. That is, a defendant cannot rely on the same *pleading or event* to argue removability. However, the *theory* of removability may be the same." *Id.* (emphasis in original).

"The Fifth Circuit has indicated that the "other paper" conversion requires a *voluntary act by the plaintiff*." *S.W.S. Erectors, Inc.*. 72 F.3d at 494 (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir.1961)) (emphasis in original).[32] "Further, [the Fifth Circuit] has held that the defendant's subjective

---

[32] The Court notes that there are exceptions to the rule requiring a voluntary act by the plaintiff. *See Zea*, 435 F.Supp.2d at 606 (S.D. Tex. 2006) (citing exceptions); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (holding that "removal on the basis of an unappealed severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule.").

knowledge cannot convert a case into a removable action." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

"Removal statutes are to be construed strictly against removal and for remand and a failure to timely file a notice of removal is a defect that requires remand to state court." *Moore v. Kerr*, No. CIV. A. 01-3341, 2002 WL 58540, at *2 (E.D. La. Jan. 14, 2002) (Vance, J.).

### c. Improper Joinder

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).[33] As articulated by the Fifth Circuit in *Smallwood v. Illinois Central Railroad Co.*, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state[, non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state[, non-diverse] defendant." 385 F.3d 568, 573 (5th Cir. 2004).

"Pursuant to the Fifth Circuit's holding in *Smallwood*, to resolve this inquiry, a court may conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, considering 'the allegations in the complaint to determine whether the complaint

---

[33] Defendants do not allege actual fraud in the pleading of jurisdictional facts. Rather, defendants allege that plaintiff will not be able to establish a cause of action against Hartford UM.

states a claim under the state law against the in-state defendant.'" *Bourgeois v. U.S. Shipping Corp.*, No. CV 23-1544, 2023 WL 4624736, at *3 (E.D. La. July 19, 2023) (Africk, J.) (quoting *Bayou Acquisitions, LLC v. Badger Daylighting Corp.*, No. 22-4541, 2023 WL 2367440, at *3 (E.D. La. Mar. 6, 2023) (Ashe, J.)). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (quoting *Bayou Acquisitions, LLC*, 2023 WL 2367440, at *3). "However, if 'a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court, may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Bayou Acquisitions, LLC*, 2023 WL 2367440, at *3). "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* (quoting *Bayou Acquisitions, LLC*, 2023 WL 2367440, at *3).

"When determining the validity of an improper joinder claim, the Court does 'not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so.'" *Id.* (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005)). "[T]he district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Richmond v. Chubb Grp. of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *2 (E.D. La. Sept. 20, 2006) (Africk, J.) (quoting *Burden v. Gen. Dynamics*, 60 F.3d

213, 216 (5th Cir. 1995)). However, "[a] mere theoretical possibility of recovery . . . will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9.

### d. Attorney's Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. The statute "authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 138 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

"The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. [Courts] evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

### III.   ANALYSIS

Defendants rely on three events to demonstrate the timeliness of their removal: (1) the dismissal of State Farm on July 11, 2023, which defendants allege they learned about on September 19, 2023; (2) USX providing Shipman with insurance policies showing liability coverage up to $50 million on September 19, 2023;

and (3) Shipman denying defendants' request to dismiss Hartford UM from the litigation on October 2, 2023.[34] They argue that these events are "other papers" from which "it may first be ascertained that the case is one which [ ] has become removable." 28 U.S.C. § 1446

The information provided by USX to Shipman concerning the liability coverage is not an "other paper." As mentioned previously, "[t]he Fifth Circuit has indicated that the 'other paper' conversion requires a *voluntary act by the plaintiff*." *S.W.S. Erectors, Inc.*, 72 F.3d at 494. Therefore, documents "created by the defendant" cannot constitute an "other paper." *Id.*

Additionally, the "other paper" "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The notice of State Farm's dismissal did not constitute "changed circumstances" which now support federal jurisdiction. State Farm's dismissal did not result in diversity jurisdiction because Hartford UM and Twin City are not diverse from each other.[35]

Defendants have been in possession of information concerning the amount of liability coverage throughout this entire litigation. That Shipman would not be able to recover from Hartford UM unless his recovery exceeded the coverage of the other policies has been evident since the complaint was filed. In fact, this Court previously

---

[34] R. Doc. No. 9, at 17.
[35] Defendants admit that "Hartford's citizenship is the same as Twin City's, and ostensibly destroys diversity." R. Doc. No. 2, at 5.

addressed whether Shipman could recover from Hartford UM.[36] In considering the alleged improper joinder of Hartford WC in connection with defendant' first motion to remand, this Court found that defendants had not demonstrated that there was *no possibility of recovery* against Hartford UM.[37]

Defendants' delay in calculating the liability coverage to determine Shipman's likelihood of recovery against Hartford UM does not provide them with additional time to file a notice of removal. Additionally, given the complexity of litigation and settlement, the Court cannot definitively conclude that a settlement with one party can constitute an admission that a plaintiff will not be able to recover from another party who was not involved in the settlement.

Finally, Shipman's denial of the request to dismiss Hartford UM is also not "notice of [ ] changed circumstances which now support federal jurisdiction." *See Addo,* 230 F.3d at 762. While the denial constitutes a voluntary act by Shipman, it does not support federal jurisdiction. If, as defendants allege, joinder of Hartford UM was improper because Shipman cannot recover from Hartford UM, federal jurisdiction would have existed regardless of whether Shipman accepted or rejected defendants' request to dismiss Hartford UM.[38] Accordingly, such denial is not notice of "changed circumstances."

---

[36] E.D. La. Case No. 22-4545, R. Doc. No. 58.
[37] E.D. La. Case No. 22-4545, R. Doc. No. 58, at 11.
[38] Assuming joinder was improper as alleged, defendants could have removed the case either on the basis of improper joinder or on the basis of diversity. Therefore, the case was removable regardless of whether Shipman voluntarily dismissed Hartford UM or not. Shipman's denial of voluntary dismissal did not change whether federal jurisdiction existed.

As stated, failure to timely remove is a defect that requires remand to state court. *See Moore*, 2002 WL 58540, at *2. Accordingly, the Court will remand this action to state court. [39]

Shipman also seeks an award of attorney's fees and costs. "Absent unusual circumstances, courts may award attorney's fees pursuant to 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, "[t]he statute does not contain a presumption either in favor of or against awarding fees, and whether to award fees under the statute is committed to the Court's discretion." *Citi Prop. Holdings, Inc. v. Labranche*, No. 11-617, 2011 WL 1980016, at *2 (E.D. La. May 20, 2011) (Lemmon, J.) (quoting *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009)). This Court exercises its discretion not to grant Shipman's request for attorney's fees and costs.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Shipman's motion to remand is **GRANTED IN PART** and **DENIED IN PART**. This case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana for further proceedings. Shipman's request for attorney's fees and costs is **DENIED.**

---

[39] Because the Court remands the case on the basis of untimely removal, the Court need not address defendants' improper joinder argument or whether all defendants consented to removal.

New Orleans, Louisiana, December 14, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**